No. 25-40109

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States of America,
*Plaintiff – Appellee,*

v.

Luis Andres Serna,
*Defendant – Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas
Laredo Division, Case No. 5:22-CR-1194-1

**BRIEF OF APPELLANT LUIS ANDRES SERNA**

Silverio A. Martinez
SBN: 24037040
Southern District ID No. 34746
Law Office of Silverio Martinez, P.C.
1414 Victoria Street
Laredo, TX 78040
(956) 724-5047 Telephone
(956) 284-0371 Facsimile

ATTORNEY FOR APPELLANT

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Appellees:<br>United States of America | Counsel for Appellees:<br>Carmen Mitchell of U.S. Attorney's Office Houston, TX |
| Appellants:<br>Luis Serna | Counsel for Appellant:<br>Silverio Martinez of Law Office of Silverio Martinez, P.C. Laredo, TX |
| Other Interested Parties:<br>Diana Saldana<br>Aldamar S. Hamdani<br>Homero Ramirez<br><br>Terence Andrew Check Jr<br><br>Diana Song Quiroga | Counsel for Interested Parties:<br>United States District Judge<br>United States Attorney<br>Assistant United States Attorney, Trial Counsel<br>Special Assistant United States Attorney<br>United States Magistrate Judge |

<i>/s/ Silverio A. Martinez</i><br>Attorney for Appellant

i

## **<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

The Defendant-Appellant, Luis Andres Serna, respectfully requests oral argument. This case presents significant constitutional and statutory interpretation issues regarding the scienter requirements under 18 USC § 2251(a) that would benefit from oral argument before this Court.

# TABLE OF CONTENTS

Table of Authorities.................................................................................vi

Jurisdictional Statement......................................................................... 1

Issues Presented.....................................................................................2

Statement of the Case .............................................................................3

Statement of Facts ..................................................................................5

Summary of the Argument ......................................................................8

Argument............................................................................................... 14

    I.   Section 2251(a) Requires Proof of Scienter as to the Alleged
        Minor's Age and the District Court Erred by Precluding Evidence
        Relating to the Defendant's Lack of Knowledge.......................... 14

        A.   THE STANDARD OF REVIEW IS DE NOVO.................... 14

        B.   THE LONGSTANDING PRESUMPTION IN FAVOR OF
             SCIENTER REQUIRES READING § 2251 (A) TO
             INCLUDE KNOWLEDGE.................................................. 14

        C.   BINDING PRECEDENT IN SUPPORT OF SCIENTER
             REQUIRMENTS ............................................................... 18

        D.   THE DEFENDANT'S CONDUCT IS INNOCENT ABSENT
             KNOWLEDGE OF AGE, REINFORCING THE
             REQUIRMENTS OF SCIENTER .......................................20

    II.  X-Citement Video, Crow, and Sanders Do Not Eliminate Scienter
        Here ...............................................................................................21

A.  THESE CASES INVOLVED PRODUCERS, WHO ARE ALREADY REQUIRED BY LAW TO VERIFY AGE ...........22

B.  THE PATTERN JURY INSTRUCTIONS THEMSELVES RECOGNIZE THAT SCIENTER HAS NOT BEEN ADDRESSED IN THIS CONTEXT ...................................23

C.  LEGISLATIVE HISTORY DOES NOT SUPPORT ELIMINATING SCIENTER IN NON-PRODUCER CASES .................................................................................24

III. Constitutional-Avoidance Principles Require a Scienter Requirement .................................................................................24

IV. The District Court's Blanket Exclusion of Evidence Violated the Right to Present a Complete Defense .........................................25

V.  The Error Was Not Harmless .......................................................25

VI. This Court Should Vacate the Guilty Plea and Conviction and Remand for a New Trial ................................................................25

A.  STANDARD OF REVIEW ...................................................25

B.  REMEDY WHEN THE RULING ON A PRETRIAL MOTION WAS ERRONEOUS ..........................................26

Conclusion .........................................................................................27

Certificate of Service .........................................................................28

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Flores-Figueroa v. United States*, 556 U.S. 646 (2009)............................ 14

*Liparota v. United States*, 471 U.S. 419 (1985) ........................... 8, 11, 16

*Luna Torres v. Lynch,* 578 U.S. ___, 136 S.Ct. 1619, 194 L.Ed.2d 737, 758 (2016) .................................................................................................... 14

*Morissette v. United States*, 342 U.S. 246 (1952).............. 8, 11, 12, 15, 16

*New York v. Ferber*, 458 U.S. 747 (1982) ............................................... 12

*Rehaif v. United States*, 588 U.S. 225 (2019) 8, 11, 13, 14, 15, 16, 17, 18, 21

*Staples v. United States*, 511 U.S. 600 (1994) .................. 8, 11, 12, 13, 16

*United States v. Bailey*, 444 U.S. 394 (1980) ......................................... 16

*United States v. Crow*, 164 F.3d 229 (5th Cir. 1999).............. 8, 18, 19, 20

*United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014).................. 23

*United States v. Sanders*, 966 F.3d 397 (5th Cir. 2020)......... 8, 18, 19, 20

*United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)............................. 20

*United States v. United States Gypsum Co.*, 438 U.S. 422 (1977) ......... 16

# TABLE OF AUTHORITIES, cont'd

**Cases**                                                          **Page(s)**

*United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994).....................

........................................................8, 12, 15, 16, 17, 18, 19, 20, 21

**Statutes**

18 U.S.C. § 2251(a) ......................................................................... 3, 11, 16

18 U.S.C. § 2257 ................................................................................ 17, 19

28 U.S.C. § 1291 ..................................................................................... 1

## STATEMENT OF JURISDICTION

The district court exercised jurisdiction under 18 U.S.C. § 3231. Final judgment was entered on March 4, 2025. ROA. 17.[1] Appellant filed a timely notice of appeal under Fed. R. App. P. 4(b).

This Court has jurisdiction under 28 U.S.C. § 1291, which grants the Courts of Appeals jurisdiction over all final decisions of the district courts.

---

[1] "ROA" refers to the record on appeal, which is cited in accordance with 5th Cir. R. 28.2.2.

## ISSUES PRESENTED

1. Whether 18 U.S.C. § 2251(a) requires the Government to prove that the defendant knew, or was aware of a substantial risk, that the individual allegedly "used," "persuaded," or "induced" was a minor.

2. Whether the district court erred by prohibiting Appellant from presenting any evidence, testimony, or argument relating to his belief that the individual was an adult.

3. Whether construing § 2251(a) as imposing strict liability on age violates due process, fair-notice principles, or the First Amendment, and must therefore be avoided under constitutional-avoidance doctrine.

4. Whether the exclusion of central defense evidence deprived Mr. Serna of his constitutional right to present a complete defense.

5. Whether the district court's error was harmless where the excluded evidence bore directly on the only factual dispute in the case.

## STATEMENT OF THE CASE

Appellant Luis Andres Serna was indicted under 18 U.S.C. § 2251(a) based on video communications he initiated while detained at the GEO Rio Grande Processing Facility. ROA. 19-21. GEO provides publicly-located video tablets for inmate calls, and all calls must be initiated by inmates themselves. ROA. 360-368, 431, 508. Calls are believed by detainees—including Mr. Serna—to be private. ROA. 505-667, 668-940.

Mr. Serna consistently described the individual with whom he communicated as his wife, with whom he had an established relationship and whose pregnancy was visible on certain calls. ROA. 505-667, 668-940. He stated in a sworn declaration that all calls were undertaken under the mistaken belief that they were private. ROA. 91-92.

Months after the communications, federal agents identified the individual as being sixteen years old at the relevant time. The Government then revoked Mr. Serna's access to video calls and obtained an indictment for production of child pornography.

Before trial, the Government moved in limine to prohibit Mr. Serna from introducing any evidence that he believed the individual was an

3

adult. ROA. 430-443. It argued that knowledge of age is categorically irrelevant under § 2251(a). Mr. Serna opposed, explaining that the statute requires scienter, that the Government's cited cases involve commercial producers under statutory age-verification duties, and that eliminating the scienter requirement violates constitutional principles. ROA. 445-456.

The district court granted the Government's motion, barring all evidence or argument regarding Appellant's belief about age. ROA. 458-475.

This appeal follows.

## STATEMENT OF FACTS

Luis Andres Serna was detained at the GEO Rio Grande Processing Facility ("GEO") beginning April 11, 2022, following an arrest unrelated to the present charge. GEO provides detainees with tablets located in public dormitory areas, which allow monitored audio and video calls with designated individuals outside the facility. ROA. 360-368, 431, 508. All calls must be initiated by detainees; no outside party can initiate communication or access the system independently.

During his detention, Mr. Serna regularly communicated with the individual he has consistently described as his wife—a long-standing relationship that, by his account, had resulted in pregnancy visible in the video recordings referenced by the Government. ROA. 505-667, 668-940. He believed all communications were private and not subject to monitoring or recording. ROA. 91-92. In his sworn declaration, he stated that he "undertook" all video conferences "under the mistaken belief that they were private." ROA. 91-92.

Federal agents later recovered approximately 284 recorded calls from GEO, originally seized as part of an investigation into unrelated alien-smuggling and narcotics allegations. Among them were a series of

video communications between Mr. Serna and his putative wife during June and July 2022. The Government alleges that some of these communications included sexually explicit acts initiated during the couple's private exchanges.

In September 2022—months after the calls occurred—HSI agents identified the individual as being sixteen years old at the time of the communications. Upon learning this information, the Government revoked Mr. Serna's video-call access and subsequently obtained a federal indictment for production of child pornography under 18 U.S.C. § 2251(a).

Throughout the proceedings, Mr. Serna has maintained that he believed he was communicating with his adult spouse and had no knowledge or reason to believe she was a minor. He emphasized in the district court that nothing in their longstanding relationship, their communications, or her appearance suggested otherwise. He further noted that their history together pre-dated his detention and that the calls reflected mutual intimacy, not exploitation, coercion, or commercial production.

The Government filed a motion in limine seeking to bar any evidence or argument relating to Mr. Serna's belief about age, asserting that knowledge of age is irrelevant under § 2251(a). ROA. 430-443. Mr. Serna opposed the motion, arguing that scienter is a required element of the offense under longstanding principles of statutory interpretation, Supreme Court precedent, and constitutional-avoidance doctrine. He explained that the Government's cited cases involve commercial pornography producers who are independently required by 18 U.S.C. § 2257 to verify performers' ages—an obligation inapplicable to private individuals like himself. ROA. 445-456

Despite these arguments, the district court granted the Government's request and prohibited Mr. Serna from presenting any evidence or testimony regarding his belief that he was communicating with an adult. ROA. 458-475. This ruling prevented him from introducing central facts showing that his conduct—private, consensual communication with his putative wife—was innocent absent knowledge of her age, thus inducing his conditional plea of guilty. ROA. 1-18, 493-499.

## SUMMARY OF THE ARGUMENT

The district court erred in concluding that the Government need not prove that Mr. Serna knew the age of the individual with whom he communicated, and in prohibiting him from presenting any evidence relating to his lack of such knowledge. That ruling contradicts the fundamental presumption in favor of scienter that has guided criminal statutory interpretation for more than a century. Under binding Supreme Court precedent—including *Morissette*, *Staples*, *Liparota*, *X-Citement Video*, and *Rehaif*—courts must presume that Congress intended to require knowledge of each material element that renders conduct criminal, unless the statute clearly provides otherwise. Section 2251(a) contains no contrary indication sufficient to overcome that presumption.

The Government's reliance on *Crow* and *Sanders* is misplaced. Those cases involved commercial producers who are subject to the independent age-verification obligations of 18 U.S.C. § 2257. As the Supreme Court recognized in *X-Citement Video*, Congress imposed the "risk of error" on producers only because they are legally required to verify performers' ages. Mr. Serna is not a producer, did not employ

8

performers, and had no statutory duty to verify anyone's age. The issue the district court confronted—whether § 2251(a) requires scienter in non-producer, non-commercial, private contexts—has never been addressed by the Fifth Circuit or the Supreme Court, and the pattern jury instructions explicitly acknowledge that scienter remains unresolved in this setting.

Moreover, eliminating the scienter requirement in this case would transform private, intimate communications—otherwise lawful between consenting adults—into a strict-liability felony carrying a 15-year mandatory minimum. Such a result raises serious First Amendment, due process, and fair-notice concerns. The canon of constitutional avoidance therefore compels a construction of § 2251(a) that requires knowledge of age.

By precluding Mr. Serna from presenting any evidence of his belief that he was communicating with his adult wife, the district court denied him the right to present a complete defense and distorted the trial record. Because the error directly affected an essential element of the offense as properly construed, it cannot be deemed harmless. The conviction must be vacated, and the case remanded for a new trial in which the jury is

9

properly instructed on the scienter requirement and allowed to consider relevant evidence regarding the Defendant's state of mind.

<u>ARGUMENT</u>

**I.    Section 2251(a) Requires Proof of Scienter as to the Alleged Minor's Age, and the District Court Erred by Precluding Evidence Relating to the Defendant's Lack of Knowledge**

**A. THE STANDARD OF REVIEW IS DE NOVO.**

A district court's evidentiary exclusions and legal interpretations of federal statutes are reviewed de novo.

Errors that affect the defendant's ability to present a complete defense are structural or, at minimum, require reversal unless harmless beyond a reasonable doubt.

**B. THE LONGSTANDING PRESUMPTION IN FAVOR OF SCIENTER REQUIRES READING § 2251(A) TO INCLUDE KNOWLEDGE OF AGE**

The Supreme Court has repeatedly held that criminal statutes are ordinarily construed to require a culpable mental state for each material element. See *Morissette v. United States*, 342 U.S. 246 (1952); *Staples v. United States*, 511 U.S. 600, 605–06 (1994); *Rehaif v. United States*, 588 U.S. 225 (2019); *Liparota v. United States*, 471 U.S. 419 (1985). As the Court reaffirmed in *Rehaif*, "as a matter of ordinary English grammar," when Congress includes a scienter term in a criminal statute—such as

11

"knowingly" or "intentionally"—that term presumptively applies to every element that criminalizes otherwise innocent conduct.

This presumption is not overcome unless Congress clearly intended otherwise. Nothing in § 2251(a) plainly indicates a congressional intent to dispense with mens rea as to age outside of the commercial-production context. Nor does its structure override the fundamental rule that "criminal responsibility may not be imposed without some element of scienter." *New York v. Ferber*, 458 U.S. 747, 765 (1982).

Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent. See *Staples v. United States*, 511 U.S. 600, 605 (1994). In determining Congress' intent, we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding "each of the statutory elements that criminalize otherwise innocent conduct." *X-Citement Video, Inc.*, 513 U.S. at 72 (1994); see also *Morissette v. United States*, 342 U.S. 246 (1952). "We normally characterize this interpretive maxim as a presumption in favor of "scienter," by which we mean a presumption that criminal statutes require the degree of knowledge sufficient to "mak[e] a person

legally responsible for the consequences of his or her act or omission." *Rehaif v. United States*, 588 U.S. 225 (2019); <u>citing</u> Blacks Law Dictionary 1547 (10th ed. 2014).

This presumption is applied in favor of scienter even when Congress does not specify any scienter in the statutory text. See *Staples*, 511 U.S. at 606. But the presumption applies with equal or greater force when Congress includes a general scienter provision in the statute itself. <u>See</u> ALI, Model Penal Code § 2.02(4), p. 22 (1985)(when a statute "prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such a provision shall apply to all the material elements of the offense, unless a contrary purpose plainly appears").

In the *Rehaif* case, the United States Supreme Court dealt with crime under 18 USC § 922(g) and the Court acknowledged that the word "knowingly" was included at one point in the statute and the Government argued that it did not apply to every element of the offense, particularly, the "status" element. The Court held that, with the exception of the jurisdictional element in that statute ("in or affecting commerce"), the word "knowingly" modified every element. The reason the scienter

13

requirement did not affect the jurisdictional element is that that particular elements does "not describe the 'evil Congress seeks to prevent'." *Luna Torres v. Lynch*, 578 U.S. ___, 136 S.Ct.1619, 194 L.Ed. 2d 737, 758 (2016). "Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter." <u>*Id*</u>.

"Jurisdictional element aside, however, the text of [the statute] simply lists the elements that make a defendant's behavior criminal." <u>*Rehaif*</u>, 588 U.S. at 230. As "'a matter of ordinary English grammar,' we normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." *Id*, <u>citing</u> *Flores-Figueroa v. United States*, 556 U.S. 646, 650 and 652 (2009)(we "ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element"). The <u>*Rehaif*</u> Court therefore specifically held that it saw "no basis to interpret "knowingly" as applying to the second §922(g) element but not the first." To the contrary, the Supreme Court thought "that by specifying that a defendant may be convicted only if he 'knowingly violates' § 922(g), Congress intended to require the Government to establish that the

14

defendant knew he violated the material elements of § 922(g)." *Rehaif*, 588 U.S. at 231.

The Supreme Court went further in its support for a presumptive scienter requirement, stating:

> "Beyond the text, our reading of §922(g) and §924(a)(2) is consistent with a basic principle that underlies the criminal law, namely, the importance of showing what Blackstone called "a vicious will." 4 W. Blackstone, Commentaries on the Laws of England 21 (1769). As this Court has explained, the understanding that an injury is criminal only if inflicted knowingly "is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." *Morissette*, 342 U.S. at 250. Scienter requirements advance this basic principle of criminal law by helping to "separate those who understand the wrongful nature of their act from those who do not." *X-Citement Video*, 513 U.S. at 72-73, n. 3.

## C. BINDING PRECEDENT IN SUPPORT OF SCIENTER REQUIREMENT.

The district court erred by accepting the Government's position that knowledge of the victim's age is categorically irrelevant to prosecutions under 18 U.S.C. § 2251(a). That conclusion conflicts with the statutory text, foundational Supreme Court precedent requiring scienter for criminal liability, and the constitutional-avoidance canon. The presumption of scienter—which applies with maximum force in criminal

15

statutes carrying severe penalties—requires that the Government prove the defendant knew (or at least was aware of a substantial risk) that the person he allegedly "used" or "induced" was a minor. Where, as here, the Defendant's conduct was not inherently wrongful absent knowledge of age, the omission of a scienter requirement would criminalize otherwise innocent behavior and raise grave constitutional concerns.

The *Rehaif* Supreme Court made abundantly clear that "the cases in which [it] has emphasized scienter's importance in separating wrongful from innocent acts are legion." These are as follows:

a. *X-Citement Video*, 513 U.S. at 70

b. *Staples*, 511 U.S. at 610

c. *Liparota v. United States*, 471 U.S. 419 (1985)

d. *United States v. Bailey*, 444 U.S. 394 (1980)

e. *United States v. United States Gypsum Co.*, 438 U.S. 422 (1978)

f. *Morissette*, 342 U.S. at 250-251

The Supreme Court unequivocally held that "[w]e have interpreted statutes to include a scienter requirement even where the statutory test is silent on the question." *Rehaif*, 588 U.S. at 231; citing *Staples*, 511 U.S. at 605. More importantly, the Court emphasized that it has "interpreted

16

statutes to include a scienter requirement even where 'the most grammatical reading of the statute' does not support one. *Id*, citing *X-Citement Video*, 513 U.S. at 70.

Thus, in *Rehaif*, the Supreme Court found no issue with applying the word "knowingly" to the defendant's status in §922(g) because "it helps advance the purpose of scienter, for it helps separate wrongful from innocent acts." In that case, the Court noted that "[a]ssuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent." *Id* at 232. Furthermore, the Court noted that it was defendant's status, not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful. "His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach. Cf. O. Holmes, the Common Law 3 (1881) ("even a dog distinguishes between being stumbled over and being kicked").

### D. THE DEFENDANT'S CONDUCT IS INNOCENT ABSENT KNOWLEDGE OF AGE, REINFORCING THE REQUIREMENT OF SCIENTER

The Supreme Court has emphasized that scienter is essential where a statute criminalizes conduct that is not inherently wrongful.

*Rehaif* held that possession of a firearm—lawful for most people—becomes criminal only when combined with a status element, and therefore the Government must prove the defendant knew his prohibited status.

The same principle applies here. Private, intimate communications between spouses or couples are lawful for consenting adults regardless of the content. The act becomes criminal under § 2251(a) only if one participant is a minor. Thus, as in *Rehaif*, it is the alleged victim's status—not the Defendant's conduct—that transforms a lawful interaction into a felony carrying a 15-year mandatory minimum. The presumption in favor of scienter therefore applies with maximum force.

To eliminate scienter here would "attach criminal liability for innocent mistake"—the very outcome the presumption exists to prevent.

## II.    X-Citement Video, Crow, and Sanders Do Not Eliminate the Scienter Requirement in Cases Like This One

The Government relies primarily on *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), *United States v. Crow*, 164 F.3d 229 (5th Cir. 1999), and *United States v. Sanders*, 966 F.3d 397 (5th Cir. 2020). But none of those cases addressed the question presented here—whether

18

scienter applies where the Defendant is **not** a commercial producer subject to the statutory record-keeping requirements of 18 U.S.C. § 2257.

### A. THESE CASES INVOLVED PRODUCERS, WHO ARE ALREADY REQUIRED BY LAW TO VERIFY AGE

Both *Crow* and *Sanders* involved the commercial production of pornography, not private intimate communications. Commercial producers operate under the mandatory age-verification and record-keeping regime established by § 2257(a), which obligates them, before producing any sexually explicit material, to obtain government-approved identification from all performers.

The Supreme Court itself explained in *X-Citement Video* that the scienter analysis for producers is materially different because "producers are more conveniently able to ascertain the age of performers," and Congress "impose[d] the risk of error on producers" through § 2257. 513 U.S. at 76 n.5. Congress created this strict regulatory regime specifically to eliminate the need for the Government to prove knowledge of age in producer prosecutions—because producers already have a statutory duty to verify it.

Mr. Serna, however, was not a producer. He did not employ performers, create commercial pornography, or participate in any

19

regulated industry. No statutory record-keeping duty applied to him. Because the statutory context is fundamentally different, so too is the scienter analysis.

### B. THE PATTERN JURY INSTRUCTIONS THEMSELVES RECOGNIZE THAT SCIENTER HAS NOT BEEN ADDRESSED IN THIS CONTEXT

Even the Fifth Circuit Pattern Jury Instruction cited by the Government acknowledges the limits of *Crow* and *Sanders*. Immediately after stating that knowledge of age is not an element, the Instructions add: "but see *United States v. Steen*… noting that the scienter requirement has not been discussed in the context of voyeurs and child-pornography production under § 2251(a)."

That "but see" clause signals precisely the issue presented here: the Fifth Circuit has never addressed whether § 2251(a) requires scienter when the defendant is not a commercial producer and when the conduct is not commercial production at all. The district court therefore erred by treating the issue as foreclosed.

### C. LEGISLATIVE HISTORY DOES NOT SUPPORT ELIMINATING SCIENTER IN NON-PRODUCER CASES

Although Congress removed "knowingly" from § 2251(a) in 1977, that amendment was explicitly tied to producers covered by § 2257. As *X-*

20

*Citement Video* recognized, Congress did not clearly consider or reject scienter in the non-producer context. The legislative history is therefore "inconclusive" and cannot overcome the presumption in favor of scienter. *Rehaif*, 588 U.S. at 236.

## III. Constitutional Avoidance Requires Construing § 2251(a) to Include Knowledge of Age

If § 2251(a) were construed to impose strict liability as to age—even for private, intimate communication between adults—the statute would criminalize vast swaths of protected expression and impose severe penalties without requiring culpability. That reading would raise significant First Amendment concerns, due process concerns, and problems of fair notice. The Supreme Court has repeatedly applied constitutional-avoidance principles to construe statutes in favor of scienter where necessary to save them from constitutional infirmity. *United States v. X-Citement Video* specifically applied that canon in construing § 2252.

To avoid these serious constitutional problems, § 2251(a) must be interpreted to require knowledge of age—particularly where the defendant is not a producer and the interaction at issue is private and consensual.

21

**IV. The District Court Violated the Defendant's Right to Present a Complete Defense by Excluding All Evidence of His Lack of Knowledge of Age**

The Supreme Court has long held that a criminal defendant has the constitutional right to present evidence central to his defense. The district court's order excluding all testimony and argument on the Defendant's belief regarding age deprived him of that right.

The Defendant consistently maintained that he believed he was communicating with his adult wife, with whom he had an established relationship—indeed one resulting in pregnancy. Preventing the jury from hearing this evidence distorted the factual record and made it impossible for the Defendant to challenge an essential element of the offense as properly construed.

**V. The Error Would Not Have Been Harmless**

Knowledge of age was the heart of the defense. Prohibiting all evidence of the Defendant's lack of knowledge struck at the foundation of the case and induced a guilty plea. The error therefore requires vacating the conviction.

**VI. This Court should vacate the guilty plea and conviction and remand for a new trial.**

**A. STANDARD OF REVIEW**

22

Typically, this Court reviews questions of law and a district court's pretrial ruling under a *de novo* standard. *See United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014).

### B. REMEDY WHEN THE RULING ON A PRETRIAL MOTION WAS ERRONEOUS

This Court should vacate the conviction and guilty plea and remand for further proceedings.

## CONCLUSION

For these reasons, Appellant respectfully requests that this Court:

1. Reverse the district court's order granting the Government's motion in limine;

2. Vacate the guilty plea and conviction; and

3. Remand for a new trial with proper scienter instructions and the opportunity to present relevant defense evidence.

Respectfully Submitted,

LAW OFFICE OF SILVERIO MARTINEZ, P.C.

*/s/ Silverio Martinez*
Silverio Martinez
Texas State Bar Number:  24037040
1414 Victoria St.
Laredo, Tx. 78040
Telephone: (956) 724-5047
Fax: (956) 284-0371
smartinez@smlawfirm.net

*ATTORNEY FOR APPELLANT, LUIS ANDRES SERNA*

24

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, an electronic copy of *Appellant's Brief* was served by notice of electronic filing via this court's ECF system upon the Carmen Castillo Mitchell, Chief Appellate Division, United States Attorney's Office.

Upon notification that the electronically-filed brief has been accepted as sufficient, and upon the Clerk's request, seven paper copies of this brief will be submitted to the Clerk. *See* 5th Cir. R. 25.2.1; 5th Cir. R. 31.1; 5th Cir. ECF filing standard E(1).

         */s/ Silverio Martinez*
SILVERIO MARTINEZ
Attorney for Appellant, Luis Andres Serna

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4723 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook, 14-point font for text and 12-point font for footnotes.

3. This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4. This brief complies with the electronic submission of 5th Cir. R. 25.2.1, because it is an exact copy of the paper document.

5. This brief is free of viruses because it has been scanned for viruses with the most recent version of McAfee Endpoint Security scanning program.

*/s/ Silverio Martinez*
SILVERIO MARTINEZ
Attorney for Appellant

26