**No. 25-40109**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LUIS ANDRES SERNA,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of Texas,
Laredo Division, No. 5:22-cr-1194

# BRIEF OF PLAINTIFF-APPELLEE

NICHOLAS J. GANJEI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

RENATA GOWIE
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9102

ATTORNEYS FOR APPELLEE

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The issue is foreclosed by Supreme Court and Fifth Circuit cases. *See* Fed. R. App. P. 34(a)(2)(B). In addition, the facts and legal arguments are adequately presented in the briefs and record; oral argument would not significantly aid the decisional process. *See* Fed. R. App. P. 34(a)(2)(C).

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT .................................. i

TABLE OF AUTHORITIES .................................. iv

STATEMENT OF JURISDICTION .................................. 1

STATEMENT OF THE ISSUE .................................. 1

STATEMENT OF THE CASE .................................. 1

I. Offense Conduct .................................. 2

II. Procedural History .................................. 3

SUMMARY OF THE ARGUMENT .................................. 5

ARGUMENT .................................. 6

Knowledge of a victim's minority age is not required for a conviction under 18 U.S.C. § 2251(a) (production of child pornography), even if the offense is not for pecuniary purposes. .................................. 6

A. Standard of Review .................................. 6

B. This Court has held that § 2251(a)'s plain text does not require knowledge of a victim's minority age. .................................. 7

## TABLE OF CONTENTS, CONT'D

Page

C. The general presumption of a mens rea does not apply to knowledge of age under § 2251(a) .......... 11

D. The Supreme Court's review of § 2251(a)'s legislative history in *X-Citement Video* confirms that knowledge of a victim's minority age is not required under the statute. .......... 13

E. Knowledge of age is not required in the context of non-commercial producers of child pornography. .......... 16

1. *Steen* .......... 16

2. *Ruggiero* .......... 18

3. Forfeited Constitutional Arguments. .......... 19

a. No Serious Constitutional Doubts. .......... 19

b. No Deprivation of Right to Present Defense. .......... 23

F. The alleged error is harmless. .......... 25

CONCLUSION .......... 27

CERTIFICATE OF SERVICE .......... 28

CERTIFICATE OF COMPLIANCE .......... 29

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*American Library Ass'n v. Reno*, 33 F.3d 78 (D.C. Cir. 1994) ................21

*Barrett v. United States*, 607 U.S. ---, No. 24-5774, 2026 WL 96659, at *7 (Jan. 14, 2026) ......................................................7

*Burge v. Parish of St. Tammany*, 187 F.3d 452 (5th Cir. 1999).......10, 13

*Gilmour v. Rogerson*, 117 F.3d 368 (8th Cir. 1997)...........................21-22

*Henderson v. United States*, 568 U.S. 266 (2013) ....................................7

*Liparota v. United States*, 471 U.S. 419 (1985) .....................................11

*Morissette v. United States*, 342 U.S. 246 (1952)...............................11-12

*New York v. Ferber*, 458 U.S. 747 (1982) ...............................................22

*Rehaif v. United States*, 588 U.S. 225 (2019)....................................11-12

*Staples v. United States*, 511 U.S. 600 (1994) ..................................11-12

*Taylor v. Illinois*, 484 U.S. 400 (1988) ..................................................24

*United States v. Arnold*, 416 F.3d 349 (5th Cir. 2005) ................. 7, 20, 23

*United States v. Buendia*, 73 F.4th 336 (5th Cir. 2023) .........................23

*United States v. Copeland*, 820 F.3d 809 (5th Cir. 2016)................. 12, 24

*United States v. Crow*, 164 F.3d 229 (5th Cir. 1999).................. 10, 23, 25

*United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008)......................10

*United States v. Gonzales*, 520 U.S. 1 (1997)...................................... 7, 13

**TABLE OF AUTHORITIES, CONT'D**

**Cases** **Page(s)**

*United States v. Gonzalez*, 792 F.3d 534 (5th Cir. 2015)........................23

*United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002) ...........................10

*United States v. Henry*, 827 F.3d 16 (1st Cir. 2016).........................10, 21

*United States v. Humphrey*, 608 F.3d 955 (6th Cir. 2010) .....................10

*United States v. Johnson*, 376 F.3d 689 (7th Cir. 2004)..........................10

*United States v. Malloy*, 568 F.3d 166 (4th Cir. 2009) ................10, 24-25

*United States v. Olano*, 507 U.S. 725 (1993) ...........................................7

*United States v. Page*, 161 F.4th 875 (5th Cir. 2025)...............................6

*United States v. Phea*, 755 F.3d 255 (5th Cir. 2014) .........................11-12

*United States v. Quintanilla*, 114 F.4th 453 (5th Cir. 2024)...........19, 23

*United States v. Ruggiero*, 791 F.3d 1281 (11th Cir. 2015)...13, 18-21, 24

*United States v. Ryan*, 156 F.4th 583 (5th Cir. 2025) ..............................6

*United States v. Sanders*, 966 F.3d 397 (5th Cir. 2020)............10, 13, 25

*United States v. Segura*, 747 F.3d 323 (5th Cir. 2014)...........................22

*United States v. Spires*, 79 F.3d 464 (5th Cir. 1996) ..........................7, 25

*United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)........................16-17

*United States v. Tyson*, 947 F.3d 139 (3d Cir. 2020) ........................10, 22

## TABLE OF AUTHORITIES, CONT'D

**Cases** **Page(s)**

*United States v. U.S. Dist. Ct. for Cent. Dist. of Cal., Los Angeles, Cal.*, 858 F.2d 534 (9th Cir. 1988) ....................25-26

*United States v. Wilson*, 565 F.3d 1059 (8th Cir. 2009) ....................10

*United States v. X-Citement Video*, 513 U.S. 64 (1994)..........12-15, 19-21

**Rules and Statutes**

Fed. R. App. P. 4(b)(1)(A)(i)....................1

Fed. R. App. P. 4(b)(2) ....................1

Fed. R. App. P. 34(a)(2)(B) ....................i

Fed. R. App. P. 34(a)(2)(C) ....................i

Fed. R. Crim. P. 11(a)(2) ....................4

Fed. R. Evid. 402 ....................24

18 U.S.C. § 922(g)....................12

18 U.S.C. § 2241(d)....................13

18 U.S.C. § 2243(d)....................13

18 U.S.C. § 2251(a)....................*passim*

18 U.S.C. § 2251(e) ....................3

18 U.S.C. § 2252 ....................14

18 U.S.C. § 2256(1)....................8

## TABLE OF AUTHORITIES, CONT'D

**Cases** **Page(s)**

18 U.S.C. § 2256(2)(A)(v) .......... 16

18 U.S.C. § 2257(a)(i) .......... 21

18 U.S.C. § 2423(a) .......... 13

18 U.S.C. § 3231 .......... 1

28 U.S.C. § 1291 .......... 1

**Other Authorities**

Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 2.84 (2024) .......... 8-9

Child Protection Act of 1984, Pub. L. No. 98–292, 98 Stat. 204 (1984) .......... 18

H.R. Rep. No. 98–536 (1983), *reprinted in* 1984 U.S.C.C.A.N. 492 .......... 18

The Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95–225, 92 Stat. 7 (1978) .......... 18

S. Conf. Rep. No. 95-601 (1977) .......... 14

## STATEMENT OF JURISDICTION

Defendant-Appellant Luis Andres Serna appeals from the judgment of conviction and sentence imposed on February 26, 2025, and entered on March 4, 2025. ROA.493. Serna timely filed a notice of appeal on February 26, 2025. ROA.490; *see* Fed. R. App. P. 4(b)(1)(A)(i), 4(b)(2). The district court (Saldaña, J.) had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

According to Supreme Court and Fifth Circuit cases, knowledge of a victim's minority age is not required for a conviction under 18 U.S.C. § 2251(a) (production of child pornography). Do those cases apply if the offense is not for pecuniary purposes?

## STATEMENT OF THE CASE

Serna engaged in a physical, sexual relationship with a girl starting when she was 14 years old. Two years later, Serna directed the girl to film herself engaged in sexual actions while he watched. Serna entered a conditional guilty plea to production of child pornography, reserving the right to assert on appeal that the conviction required proof that he knew the girl was under 18 years old.

## I. Offense Conduct

In 2020, Serna, then 26 years old, began a physical, sexual relationship with the minor victim (MV), who was then 14 years old. ROA.1018-19 (PSR ¶¶ 45, 48).[1] Serna believed he was the father of MV's son, who was born in 2022. ROA.1019 (PSR ¶ 48).

In June and July 2022, while Serna was in pretrial custody for other federal offenses,[2] he initiated sexually explicit video calls with MV, who was 16 years old at the time. ROA.974-75. The pretrial facility recorded and maintained the video calls in the same manner as inmate telephone calls. ROA.974.[3]

---

[1] In his brief, Serna refers to MV as his "wife" or "putative wife," but Serna was already married to someone else, and they had children. ROA.1019 (PSR ¶ 47). He and his actual wife separated in 2021, but they did not divorce. ROA.1019 (PSR ¶ 47).

[2] In April 2022, Serna was arrested for, and later pleaded guilty to, conspiracy to transport illegal aliens and conspiracy to possess with intent to distribute marijuana (5:22-cr-605-S2-1). ROA.1016-17 (PSR ¶ 37). For those offenses, he was sentenced to 63 months in prison, followed by a 3-year supervised release term, all to run concurrently with the sentence imposed in this case. ROA.494-95. Regarding the alien and drug offenses, Serna drove an illegal alien to a stash house with MV as his front seat passenger. ROA.1011 (PSR ¶ 10).

[3] Serna asserts that he thought the video calls were private and not subject to monitoring or recording. Serna's Br. 5. In denying Serna's motion to suppress evidence, the court found that Serna knew that his video calls were subject to monitoring and recording. ROA.391.

During a video call on June 24, 2022, Serna, then about 28 years old, watched MV who was naked in a shower with her breasts, vagina, and buttocks clearly visible. ROA.975. As he watched her shower, Serna directed MV to engage in sexual actions, including raising her leg and placing it in the air, and touching her breasts and vagina. ROA.975. MV filmed the interaction on her cell phone and showed the video to Serna during five subsequent video calls on July 3, 4, 8, 11, and 13, 2022. ROA.975.

## II. Procedural History

An indictment charged Serna with sexual exploitation of a child by production of child pornography, in violation of 18 U.S.C. § 2251(a), (e). ROA.19-21. The government filed a pretrial motion in limine to prohibit Serna from asserting that the crime required evidence that he knew MV was under 18 years old, or from asserting a defense of lack of knowledge or mistake of age. ROA.430-43. The government stated that a defendant's knowledge of the victim's minority age is not an element of § 2251(a); thus, evidence regarding Serna's belief as to MV's age was irrelevant and inadmissible. ROA.434-42 (citing cases).

Serna filed a response in opposition and summarily requested a "jury instruction on the scienter element of § 2251(a)." ROA.445-56. Serna did not submit proposed language for the jury instruction.

In a thorough 18-page order and memorandum, the district court granted the government's motion in limine and denied Serna's request for a jury instruction on scienter. ROA.458-72. The court found that the statutory text, legislative history, Supreme Court precedent, and Fifth Circuit precedent all show that knowledge of a victim's minority age is not required under § 2251(a). ROA.458-72.

Serna pleaded guilty to the indictment and waived his right to appeal, but he reserved the right to appeal the order and memorandum denying his request for a jury instruction. ROA.493, 970. *See* Fed. R. Crim. P. 11(a)(2). The court sentenced Serna to 180 months in prison, the statutory minimum, followed by a 5-year supervised release term. ROA.494-95.

## SUMMARY OF THE ARGUMENT

The government was not required to prove that Serna knew MV was under 18 years old to convict him under § 2251(a). This Court and the Supreme Court have recognized that knowledge of the victim's minority age is not required under § 2251(a) based on the statute's plain text and legislative history. Serna's contrary arguments are foreclosed. The statute, legislative history, and case law do not distinguish between the commercial and non-commercial production of child pornography. Serna's constitutional arguments are forfeited for inadequate briefing and otherwise lack merit under the plain-error standard of review.

Lastly, Serna has not shown any harm in the denial of his requested jury instruction on scienter. Serna engaged in a physical, sexual relationship with MV for two years before the offense, starting when she was only 14 years old. Serna had sex with MV and had her accompany him on federal immigration and drug offenses. Even if Serna did not know that MV was under 18 years old, which is unlikely given the facts, Serna cannot establish, by clear and convincing evidence, that he lacked the opportunity to learn she was under 18 years old.

# ARGUMENT

**Knowledge of a victim's minority age is not required for a conviction under 18 U.S.C. § 2251(a) (production of child pornography), even if the offense is not for pecuniary purposes.**

## A. Standard of Review

Serna appeals the order denying his request for "a jury instruction on the scienter element of 18 U.S.C. § 2251(a)." ROA.445, 455. This Court reviews the denial of a requested jury instruction for an abuse of discretion. *United States v. Page*, 161 F.4th 875, 897 (5th Cir. 2025). If a jury instruction turns on a question of statutory construction, review is de novo. *United States v. Ryan*, 156 F.4th 583, 596 (5th Cir. 2025).

A district court abuses its discretion if the requested instruction is (1) substantively correct; (2) not substantially covered in the charge given to the jury; and (3) on such an important point that failure to give it seriously impairs the defendant's ability to effectively present a particular defense. *Page*, 161 F.4th at 897. "A district court does not err, however, if the jury charge tracks the Fifth Circuit Pattern Instructions and correctly states the law." *Ryan*, 156 F.4th at 596.

Even if a court abused its discretion in denying a jury instruction, reversal is not required unless the omitted instruction has an evidentiary

basis in the record that would lead to acquittal. *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996).

If an issue is not properly preserved in the district court, it is reviewed for plain error on appeal. *See, e.g., United States v. Arnold*, 416 F.3d 349, 355 (5th Cir. 2005) (imprecise objection was insufficient to preserve for review the claimed error in the jury instructions). To establish reversible plain error, Serna must show four prongs: (1) an error; (2) that is clear or obvious; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Henderson v. United States*, 568 U.S. 266, 279 (2013); *United States v. Olano*, 507 U.S. 725, 732-37 (1993).

### B. This Court has held that § 2251(a)'s plain text does not require knowledge of a victim's minority age.

To ascertain legislative intent in a statute, courts "turn to statutory text, structure, and (for those who accept its help) legislative history." *Barrett v. United States*, 607 U.S. ---, No. 24-5774, 2026 WL 96659, at *7 (Jan. 14, 2026). The starting point is the statutory text. *United States v. Gonzales*, 520 U.S. 1, 4 (1997). If the statutory text is plain and unambiguous, the court applies the statute according to those terms and that is the end of the inquiry. *Id.* at 4-6.

Section 2251(a)'s plain text does not require that the defendant know the victim's age or that the victim is under 18 years old. The statute provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a). A "minor" is a person under 18 years of age. 18 U.S.C. § 2256(1); *see also* Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 2.84 (2024).

The statute's only knowledge requirement is in the first of the jurisdictional elements: "if such person *knows or has reason to know* that such visual depiction will be transported in interstate or foreign commerce or mailed." 18 U.S.C. § 2251(a) (emphasis added). As the district court correctly observed, however, the indictment here does not

contain that jurisdictional element. ROA.463. Rather the jurisdictional element in this indictment is established because the visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce, or because such visual depiction had actually been transported in interstate or foreign commerce or mailed. *See* ROA.20.

To establish a conviction under § 2251(a) in this case, the government was thus required to prove the following elements:

> *First*: That the defendant employed [used] [persuaded] [induced] [enticed] [coerced] a minor to engage in sexually explicit conduct;
>
> *Second*: That the defendant acted with the purpose of producing a visual depiction [transmitting a live visual depiction] of such conduct; and
>
> *Third*: That the visual depiction was actually transported [transmitted] using any means or facility of interstate [foreign] commerce [in or affecting interstate or foreign commerce] or mailed.
>
> [*Third*: That the visual depiction was produced [transmitted] using materials that have been mailed [shipped] [transported] in [affecting] interstate [foreign] commerce by any means, including by computer.]

Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 2.84 (2024).

The defendant's knowledge of the victim's minority age is not an element of § 2251(a), and this Court has recognized that the government does not have to prove that the defendant knew the victim's age or that the victim was a minor. *See United States v. Sanders*, 966 F.3d 397, 405 (5th Cir. 2020) (recognizing that § 2251(a)'s statutory language "includes no requirement that a defendant know his victims' ages."); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (recognizing that knowledge that the victim was a minor is not an element of § 2251(a) and finding constitutional challenge meritless).[4]

Serna's appeal is foreclosed by circuit precedent. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (noting the "firm rule of this circuit" that, absent an intervening en banc or Supreme Court decision, a "panel cannot overrule a prior panel's decision").

[4] Other circuits have also rejected claims that knowledge of age is an element of § 2251(a) or that defendants are entitled to a mistake-of-age defense. *See, e.g., United States v. Henry*, 827 F.3d 16, 23–25 (1st Cir. 2016); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002); *United States v. Tyson*, 947 F.3d 139, 146-48 (3d Cir. 2020); *United States v. Malloy*, 568 F.3d 166, 171-77 (4th Cir. 2009); *United States v. Humphrey*, 608 F.3d 955, 958-62 (6th Cir. 2010); *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004); *United States v. Wilson*, 565 F.3d 1059, 1066-69 (8th Cir. 2009); *United States v. Deverso*, 518 F.3d 1250, 1257-58 (11th Cir. 2008).

### C. The general presumption of a mens rea does not apply to knowledge of age under § 2251(a).

A crime generally requires "the concurrence of an evil-meaning mind with an evil-doing hand," not just a wrongful act. *Morissette v. United States*, 342 U.S. 246, 251 (1952). When a statute is silent as to mental state, "some indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime." *Staples v. United States*, 511 U.S. 600, 606 (1994); *see Rehaif v. United States*, 588 U.S. 225, 228 (2019) ("Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent."). In the absence of an express mens rea, criminal statutes are construed to include a mens rea to avoid criminalizing conduct that would otherwise be innocent. *United States v. Phea*, 755 F.3d 255, 262 (5th Cir. 2014). Examples include procurement offenses where the taking of property might otherwise be lawful,[5] and

[5] *E.g., Liparota v. United States*, 471 U.S. 419, 425-27, 433-34 (1985) (food-stamp fraud statute was construed to require proof that the defendant knew the facts that made his acquisition or possession of food stamps unlawful); *Morissette*, 342 U.S. at 248, 262-72 (statute that prohibited stealing or converting government property was construed to require proof that defendant took property with knowledge of facts that made his actions unlawful, i.e., that the property there was not abandoned).

firearms offenses where the firearm possession is otherwise lawful.[6] But this case involves the quite different situation of a sex crime against a minor, and "Congress is not categorically precluded from imposing strict liability." *Id.*

The Supreme Court has recognized that a mens rea does not apply to sex crimes against minors, in which the victim's age is determinative, despite the defendant's belief, even if reasonable, that the victim had reached the age of sexual consent, here, 18 years old. *See Morissette*, 342 U.S. at 251 n.8; *see also United States v. X-Citement Video*, 513 U.S. 64, 72 n.2 (1994). This Court similarly has recognized that a presumption of a mens rea "does not apply to sex crimes against minors, at least when the defendant confronts the victim personally." *United States v. Copeland*, 820 F.3d 809, 813 (5th Cir. 2016) (cleaned up).

---

[6] *E.g., Rehaif*, 588 U.S. at 232-34 (federal firearms statute, 18 U.S.C. § 922(g), which prohibits nine categories of people from possessing firearms, was construed to require proof not only that the person knew he possessed a firearm, but that he knew that he had the relevant status when he possessed the firearm); *Staples*, 511 U.S. at 613-16 (statute prohibiting possession of an unregistered machine gun was construed to require proof that the defendant knew the weapon had characteristics that brought it within the statutory definition of a machine gun).

Serna asserts that his case is like *Rehaif* because the lawfulness of his actions turns on the victim's status. But this is not a case about adult sexual conduct with another adult that might be lawful in some circumstances and unlawful in others. Rather, this case involves an adult engaged in sexual conduct with a minor, which is never permissible.

This Court also has recognized that courts have upheld federal statutes that criminalize sex acts against minors without proof of knowledge of the victim's age. *Id.* at 814 (citing cases construing 18 U.S.C. § 2241(d) (aggravated sexual abuse of a minor under the age of 12); 18 U.S.C. § 2243(d) (sexual abuse of a minor or ward); 18 U.S.C. § 2423(a) (transportation of minors for the purpose of engaging in prohibited sexual activity); as well as § 2251(a)). And, as noted, this Court has held that § 2251(a) "includes no requirement that a defendant know his victims' ages." *Sanders*, 966 F.3d at 405; *see also United States v. Ruggiero*, 791 F.3d 1281, 1285 (11th Cir. 2015) ("Knowledge of the victim's age is neither an element of § 2251(a) nor an affirmative defense to a prosecution for it."). Serna's contrary arguments are again foreclosed. *See Burge*, 187 F.3d at 466.

### D. The Supreme Court's review of § 2251(a)'s legislative history in *X-Citement Video* confirms that knowledge of a victim's minority age is not required under the statute.

As explained above, the statutory text plainly shows that knowledge of a victim's minority age is not an element of § 2251(a). "Given the straightforward statutory command, there is no reason to resort to legislative history." *Gonzales*, 520 U.S. at 6. The Supreme

Court's review of legislative history in *X-Citement Video* nevertheless confirms that knowledge of a victim's minority age is not required under § 2251(a).

In *X-Citement Video*, the Supreme Court held that transportation and distribution of child pornography under 18 U.S.C. § 2252 require that the defendant know that a victim was a minor. The Court reached its decision as a matter of statutory interpretation, reversing the Ninth Circuit's holding that the statute was facially unconstitutional under the First Amendment because it lacked a scienter requirement as to the victim's minority age. *X-Citement Video*, 513 U.S. at 66-67. In reaching its holding, the Court reviewed the legislative histories of § 2252 and the statute at issue here, § 2251(a). *Id.* at 73-77.

The Court explained that when Congress amended the two statutes, "the new bill retained the adverb 'knowingly' in § 2252 while simultaneously deleting the word 'knowingly' from § 2251(a)." *Id.* at 76. The deletion of knowingly in § 2251(a) reflects the "intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." *Id.* (quoting S. Conf. Rep. No. 95-601, p. 5 (1977)). As the district court here observed: "It is difficult to imagine a clearer

statement of congressional intent regarding the absence of any knowledge of age requirement for § 2251(a)." ROA.465.

The Court also drew an analogy between § 2251(a) and statutory rape offenses, where the victim's actual age is determinative regardless of the defendant's belief as to the age. *X-Citement Video*, 513 U.S. at 72 n.2. In each situation, "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." *Id.* (noting that the "opportunity for reasonable mistake of age" is low when the defendant comes into direct contact with the victim, who thus is available for questioning). "The difference in congressional intent with respect to § 2251 and § 2252 reflects the reality that producers are more conveniently able to ascertain the age of performers." *Id.* at 77 n.5. "It thus makes sense to impose the risk of error on producers." *Id.*

As is the case here. Serna knew MV personally and was in direct physical and sexual contact with her for two years before the offense. He could ascertain MV's age, and "the risk of error" imposed here "makes sense." *Id.*

### E. Knowledge of age is not required in the context of non-commercial producers of child pornography.

Section 2251(a) does not distinguish between commercial and non-commercial production of child pornography. Serna's arguments that non-commercial production requires knowledge of the victim's age lack merit.

#### 1. *Steen*

Serna asserts that the knowledge requirement regarding the victim's age "has not been discussed in the context of voyeurs and child pornography production." Serna's Br. 20 (citing *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)). *Steen* is factually distinguishable from this case.

In *Steen*, the defendant surreptitiously filmed female patrons in a tanning salon, and one of the patrons was 16 years old. 634 F.3d at 824. This Court reversed Steen's § 2251(a) conviction because the evidence was insufficient to prove "sexually explicit conduct," which is defined as, among other things, a "lascivious exhibition of the genitals or pubic area of any person." 634 F.3d at 826-27; *see* 18 U.S.C. § 2256(2)(A)(v). In resolving that issue, which is not present in this case, this Court observed that the conviction required more than mere voyeurism. 634 F.3d at 827.

Unlike *Steen*, this case involved sexually explicit conduct in the form of a lascivious exhibition of MV's genitals at Serna's direction. This case is not about mere voyeurism. Moreover, Serna's guilty plea precludes the right to challenge his conviction, except on the limited ground preserved in the plea agreement. ROA.970.

Serna nevertheless relies on a footnote observation that was unnecessary to the decision of the case: "The scienter requirement of § 2251(a) has not been discussed by courts in the context of voyeurs and child pornography production." *Steen*, 634 F.3d at 824 n.4. This Court did not address the issue because Steen did not offer a defense based on lack of knowledge of the victim's minority age. *Id.* Serna asserts that *Steen*'s observation "signals precisely the issue presented here" because this Court "has never addressed whether § 2251(a) requires scienter when the defendant is not a commercial producer and when the conduct is not commercial production at all." Serna's Br. 20. His argument essentially is that the government must prove knowledge of age under § 2251(a) in cases involving non-commercial production of child pornography. Serna's Br. at 12, 18-20. His argument fails, as explained below.

### 2. *Ruggiero*

Congress intended § 2251(a) to reach non-commercial producers of child pornography. *Ruggiero*, 791 F.3d at 1289. "First, the statutory language plainly does not limit § 2251(a) to commercial conduct." *Id.* "And where statutory language is plain, there is no room on the interpretation field for legislative history." *Id.*

Second, even if the statutory language were not plain, section 2251(a)'s legislative history shows that the statute was intended to prohibit production of child pornography, regardless of whether it was for pecuniary purposes:

> As originally enacted, § 2251(a) provided that a defendant could be convicted only if he produced child pornography "for pecuniary profit." The Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a), 92 Stat. 7 (1978) (enacting 18 U.S.C. § 2253(3), later redesignated as 18 U.S.C. § 2255(3), which defined "producing" as "producing, directing, manufacturing, issuing, publishing, or advertising, *for pecuniary profit* ") (emphasis added). In 1984, however, Congress amended the provision to delete the phrase "for pecuniary profit." Child Protection Act of 1984, § 5(a)(5), Pub.L. No. 98–292, 98 Stat. 204 (1984). The House Report that accompanied the amendment explained that "[s]ince the harm to the child exists whether or not those who initiate or carry out the schemes are motivated by profit, the Subcommittee found a need to expand the coverage of the Act by deleting the commercial purpose requirement." H.R.Rep. No. 98–536, at 2–3 (1983), *reprinted in* 1984 U.S.C.C.A.N. 492, 493–94.

*Ruggiero*, 791 F.3d at 1289. Serna's attempt to distinguish between commercial and non-commercial production lacks merit.

### 3. Forfeited Constitutional Arguments.

Serna summarily asserts constitutional arguments that are forfeited for inadequate briefing. *See, e.g., United States v. Quintanilla*, 114 F.4th 453, 463-65 (5th Cir. 2024) (issues improperly briefed or not briefed on appeal are forfeited and not considered on appeal). Alternatively, the arguments fail under plain-error review.

#### a. No Serious Constitutional Doubts.

First, Serna summarily asserts that § 2251(a) must require knowledge of the victim's minority age to avoid "serious constitutional problems" under the First Amendment, due process, and fair notice. Serna's Br. 21. These constitutional arguments consist of a total of two conclusory paragraphs and a general citation to *X-Citement Video* with no legal analysis. These arguments are forfeited for inadequate briefing. *See, e.g., Quintanilla*, 114 F.4th at 463-65.

Moreover, although Serna generally asserted in the district court that a failure to adhere to his statutory interpretation arguments would "raise serious constitutional doubts," he did not brief any First

Amendment, due process, or fair notice arguments. ROA.455. Consequently, even if his appellate arguments are not forfeited, the arguments are subject to plain-error review. *See, e.g.*, *Arnold*, 416 F.3d at 355.

In *X-Citement Video*, a decision of statutory interpretation, the Court observed that several of its First Amendment decisions "suggest that a statute completely bereft of a scienter requirement as to the age of the [victims] would raise serious constitutional doubts," and "[i]t is therefore incumbent upon [the Court] to read [§ 2252] to eliminate those doubts so long as such a reading is not plainly contrary to the intent of Congress." 513 U.S. at 78. This "serious constitutional doubts" dictum does not support the position that the absence of a scienter requirement as to age renders § 2251(a) unconstitutional. *Ruggiero*, 791 F.3d at 1287. "The Supreme Court effectively foreclosed that extrapolation by distinguishing between the distribution prohibited by § 2252 and the production prohibited by § 2251(a)." *Id.*

Unlike distributors, who might not know the victim's age, a producer of child pornography, whether for commercial purpose or not, confronts the victim personally and "may reasonably be required to

ascertain the victim's age." *X-Citement Video*, 513 U.S. at 72 n.2; *see also Gilmour v. Rogerson*, 117 F.3d 368, 372 (8th Cir. 1997) ("Unlike most distributors, the sexually exploitive producer deals directly with the child victim, like the statutory rapist who has traditionally been denied a mistake-of-age defense"). "In light of that sharply drawn distinction" between distributors and producers, there is no "serious constitutional doubt" as to § 2251(a)'s lack of knowledge regarding minority age. *Ruggiero*, 791 F.3d at 1287. Furthermore, although non-commercial producers might not adhere to regulatory requirements to verify age,[7] they "are more likely to know their subjects" and the technology that facilitates amateur video production "also tends to make it easier to verify ages." *United States v. Henry*, 827 F.3d 16, 25 (1st Cir. 2016) (rejecting First Amendment challenge to § 2251(a)).

"[T]here is no indication, or reason to think, that section 2251(a) as written has substantially chilled the production of constitutionally protected pornography." *Id.* at 24. "Even if interpreting § 2251(a) to preclude mistake-of-age evidence chills some protected speech, the risk

[7] "Congress has independently required both primary and secondary producers to record the ages of performers with independent penalties for failure to comply." *X-Citement Video*, 513 U.S. at 76 n.5 (citing 18 U.S.C. § 2257(a), (i) and *American Library Ass'n v. Reno*, 33 F.3d 78 (D.C. Cir. 1994)).

is significantly outweighed by the Government's compelling interest in protecting children from child pornography." *United States v. Tyson*, 947 F.3d 139, 148 (3d Cir. 2020) (holding an affirmative mistake-of-age defense is not mandated by the Constitution).

The Supreme Court previously weighed the governmental interest in protecting children from sexual exploitation against the possible inhibition of expression and struck the balance in favor of children. *See New York v. Ferber*, 458 U.S. 747, 756-64 (1982) (holding that child pornography is not protected by the First Amendment). "[N]ot only is the State's interest in banning the sexual exploitation of children very strong, but the mistake-of-age defense is directly contrary to that interest." *Gilmour*, 117 F.3d at 372.

Serna has not shown a clear or obvious error because he has not identified precedent that directly holds that § 2251(a) violates the First Amendment, due process, or fair notice, which is fatal to the plain-error review of his claim. *See, e.g., United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014) ("Segura cites no Fifth Circuit authority that would make the district court's error clear or obvious. Therefore, he fails to satisfy the second prong of our clear error analysis."). Indeed, a "lack of binding

authority is often dispositive in the plain-error context." *United States v. Buendia*, 73 F.4th 336, 340 (5th Cir. 2023) (quoting *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015)).

Moreover, this Court has observed that the "assertion that section 2251(a) is unconstitutional because it lacks a scienter requirement is meritless." *Crow*, 164 F.3d at 236 ("the constitutionality of section 2251(a) has been challenged, upheld, and affirmed."). Serna cannot show reversible plain error. *Id.*

**b. No Deprivation of Right to Present Defense**.

Serna next summarily asserts that he was deprived of the constitutional right to present a complete defense. Serna's Br. 22. He does not cite any authority or provide any legal analysis. This argument also is forfeited for inadequate briefing. *See, e.g., Quintanilla*, 114 F.4th at 463-65. If not forfeited, the argument is subject to plain-error review because Serna did not raise it in the district court. *See, e.g.*, *Arnold*, 416 F.3d at 355; *see also* ROA.445-56 (defendant's response to motion in limine, in which Serna raised statutory interpretation arguments to § 2251(a), but not a constitutional right-to-defense argument).

Knowledge of age is not an element of an offense under § 2251(a) and thus is irrelevant. *Ruggiero*, 791 F.3d at 1290. Because a criminal defendant does not have the right to introduce irrelevant evidence,[8] the Constitution does not require that the jury hear evidence regarding the defendant's belief as to the victim's age. *Id.* (rejecting Fifth and Sixth Amendment challenges to the exclusion of mistake-of-age defense); *United States v. Malloy,* 568 F.3d 166, 176-77 (4th Cir. 2009) (rejecting due process challenge to alleged right to present a mistake-of-age defense).

As the district court observed, this Court rejected a similar mistake-of-age argument in *Copeland*. ROA.468. In *Copeland*, this Court observed that "Congress is not categorically precluded from imposing strict liability," and that the presumption in favor of scienter "does not apply to sex crimes against minors, at least when the defendant confronts the victim personally." 820 F.3d at 813. This Court listed § 2251(a) as one of several federal criminal statutes that impose strict liability regarding the victim's age and that have been consistently upheld. *Id.* at 814.

---

[8] *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.").

In addition, this Court's decisions in *Crow* and *Sanders* leave no room for a mistake-of-age defense under § 2251(a). As the district court found, this Court "has already struck a balance in favor of children under this statute [§ 2251(a)]." ROA.471. Again, Serna cannot show plain error.

### F. The alleged error is harmless.

Simply put, "the statutory text, legislative history, and judicial interpretation [of § 2251(a)] compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense." *United States v. Malloy,* 568 F.3d 166, 171 (4th Cir. 2009) (rejecting constitutional challenges to the statute). The district court thus acted within its discretion in denying Serna's requested jury instruction because it was an incorrect statement of the law. Even if error occurred, however, reversal would not be required because the omitted instruction does not have an evidentiary basis in the record that would lead to acquittal. *Spires*, 79 F.3d at 466.

The Ninth Circuit has held that knowledge of age is not an element of § 2251(a), but that the First Amendment requires a reasonable-mistake-of-age defense. *United States v. U.S. Dist. Ct. for Cent. Dist. of Cal., Los Angeles, Cal.*, 858 F.2d 534, 537-38, 542 (9th Cir. 1988). As the

district court observed, the Ninth Circuit is alone in its recognition of a mistake-of-age defense in a § 2251(a) prosecution. ROA.458-59. But even under that "very narrow" defense, the defendant must show by clear and convincing evidence that he did not know, and could not reasonably have learned, that his victim was under 18 years of age. 858 F.2d at 543.

Serna produced child pornography involving MV, a 16-year-old girl, and he could have ascertained her age. He engaged in a two-year physical and sexual relationship with MV, which began when she was 14 years old. He had sex with her and allowed her to be in a car with him as he committed federal drug and immigration offenses. ROA.1011 (PSR ¶ 10). Even if Serna did not know that MV was under 18 years old (unlikely given these facts), Serna cannot show by clear and convincing evidence that he could not reasonably have learned that MV was under 18 years old. *See* 858 F.2d at 543. Serna's case thus does not even meet the Ninth Circuit's "very narrow" mistake-of-age defense. *Id.* There is no evidentiary basis that would lead to acquittal, and the alleged error is harmless.

## CONCLUSION

This Court should affirm the district court's judgment.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9102

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE

I, Assistant United States Attorney Renata Gowie, hereby certify that on February 6, 2026, an electronic copy of Appellee's Brief was served by notice of electronic filing via this Court's CM/ECF system upon opposing counsel, Silverio A. Martinez.

Upon notification that the electronically filed brief has been accepted as sufficient, and upon the Clerk's request, seven paper copies of this brief will be submitted to the Clerk. *See* 5th Cir. R. 25.2.1; 5th Cir. R. 31.1; 5th Cir. CM/ECF filing standard E(1).

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5498 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook, 14-point font for text and 12-point font for footnotes.

3. This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4. This brief complies with the electronic submission of 5th Cir. R. 25.2.1, because it is an exact copy of the paper document.

5. This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security and is free of viruses.

s/Renata Gowie
RENATA GOWIE
Assistant United States Attorney